VALLE & ASSOCIATES
JEFFREY B. VALLE (Bar No. 110060)
 jvalle@valleassociates.com
STEVEN M. RAGONA (Bar No. 181613)
 sragona@valleassociates.com
11911 San Vicente Blvd., Suite 324
Los Angeles, California 90049
Telephone:  (310) 476-0300
Facsimile:   (310) 476-0333

Attorneys for Defendant
STAMPS.COM INC.


BRIAN S. KABATECK, SBN 152054 (bsk@kbklawyers.com)
RICHARD L. KELLNER, SBN 171416 (rlk@kbklawyers.com)
JOSH H. HAFFNER, SBN 188652 (jhh@kbklawyers.com)
ARTIN GHOLIAN, SBN 258280 (ag@kbklawyers.com)
KABATECK BROWN KELLNER LLP
644 S. Figueroa Street
Los Angeles, California 90071
Telephone: (213) 217-5000
Facsimile: (213) 217-5010

Attorneys for Plaintiff and the Proposed Class

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA BALL, an individual, on Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>STAMPS.COM INC., a corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: CV08-08053 VBF (SSx)<br>*Assigned to the Honorable Valerie Baker Fairbank*<br><br>**[~~PROPOSED~~] PROTECTIVE ORDER RE: CONFIDENTIALITY OF DOCUMENTS AND INFORMATION**<br><br>[Discovery Document: Referred to Magistrate Judge Suzanne H. Segal] |

Based upon the Revised Stipulation Re: Confidentiality of Documents and Information filed by the parties, and for good cause shown, the Court orders as follows:

1. This stipulated confidentiality agreement and protective order ("Protective Order") shall govern the production, use and handling of confidential documents and information produced by any party in any form in the above-captioned litigation (collectively "Material").

2. Any party or nonparty may designate as "Confidential" the following documents or information, if the party in good faith believes that those documents or information contain confidential, sensitive, proprietary business and/or financial information, which any Party or non party contends should be protected from disclosure pursuant to this Protective Order – such documents or information are limited to (1) documents that contain private information of Stamps.com customers, such as credit card information, addresses or passwords; and (2) documents that contain customer lists of Stamps.com.

3. <u>GOOD CAUSE STATEMENT</u>. Stamps.com maintains that good cause exists for entering a protective order as to the two categories of documents identified in paragraph 2 above. (1) California law recognizes the right of privacy as to personal customer information. *See Best Buy Stores, L.P. v. Superior Court*, 137 Cal. App. 4th 772, 778 (2006); Cal. Const., art 1, § 1. Moreover, Stamps.com specifically pledges to its customers that the company will maintain their information in strict confidence. Therefore, without a protective order in place, private information of Stamps.com's customers will be disclosed without protection. (2) California law also recognizes that customer lists are confidential and trade secret information. *See Thompson v. Impaxx, Inc.*, 113 Cal. App. 4th 1425, 1429-30 (2003). Therefore,

without a protective order in place, Stamps.com's trade secret information could be publicly available to its competitors.

4. Confidential Material produced in this litigation shall be used solely and exclusively for purposes of the prosecution and/or defense of this litigation; it shall not be used by such persons for any other purpose not directly related to this litigation.

5. Any Party or non party producing or filing a document or thing in this proceeding may designate it at the time of its production as subject to this Protective Order by designating the Material as Confidential by typing or stamping on each page so designated (without obscuring or defacing the Material) "Confidential." In the event that such Material is disclosed in a non-paper medium (videotape, computer disks, etc.), the notation "Confidential" shall be affixed outside of the medium or its container so as to clearly give notice of the designation. The Parties agree to exercise good faith in evaluating whether Materials should be designated Confidential pursuant to this Protective Order.

6. If a Party, through inadvertence, produces any Confidential Material without labeling or otherwise designating it as such in accordance with the provisions of this Protective Order, the producing Party may give written notice to counsel for the receiving Party, and the receiving Party shall treat the inadvertently produced Material as if it had been originally labeled as "Confidential," shall undertake reasonable efforts to retrieve all copies of such documents that may have been disclosed, and shall label all copies of such documents as "Confidential."

7. If, at any time, one of the Parties disagrees with or challenges the grounds or basis for the designation of any document or information as Confidential

Material, that Party shall nevertheless treat and protect such Material in accordance with this Protective Order until and unless the other Party agrees in writing, or an order of the Court has been entered and becomes enforceable, which provides that such challenged Confidential Material may be used or disclosed in a manner different from that specified in this Protective Order. In the event of such a disagreement, the Party making the designation will have the burden of establishing that the information is confidential.

8. Nothing in this Protective Order shall preclude any Party from seeking and obtaining, upon a showing of good cause, additional protection with respect to the confidentiality of documents or other information, including, but not limited to, additional restrictions on disclosure to the Parties herein.

9. Before disclosing any Confidential Material (except Material that the Party itself has designated as "Confidential") with any person or entity that is not a Party to this action, or an employee of a Party to this action, the Party wishing to disclose the information will first obtain a written agreement from the third party agreeing to the terms of this Protective Order, including maintaining the confidentiality of the information and agreeing not to disclose it to any other person or persons. The Parties agree that sharing such information with third parties shall be limited solely for the purpose of litigating this action. Counsel seeking to disclose such Confidential Material shall cause each such person to execute the "Consent to be Bound," the form of which is attached hereto as Exhibit "A." Notwithstanding anything to the contrary contained in this paragraph or in this Protective Order, Confidential Material may be revealed to (a) the Court and its staff; (b) to all counsel, paralegals, secretaries and other staff employed by counsel for any of the Parties who have a legitimate need to view the Confidential Material for purposes of prosecuting or defending

the litigation; and (c) to court reporters transcribing a deposition, hearing or other proceeding in this matter, without requiring the signing of Exhibit "A."

10. For applications and motions to the Court for which a party submits Confidential Material, such papers shall be accompanied by an application, pursuant to Local Rule 79-5.1, to file the papers – or the confidential portion thereof – under seal. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal. All such Confidential Information which is submitted to the Court shall be filed in sealed envelopes or other appropriate sealed contains, which envelopes or containers shall indicate: the title of the action to which it pertains; an indication of the nature of the contents of the sealed envelope or other container; and the phrase "CONFIDENTIAL INFORMATION" or words to that effect.

11. If any Confidential Material is presented at, or is the subject of inquiry during a deposition, counsel for the Party whose Confidential Material is disclosed or inquired may notify the deposition reporter to separately transcribe the portion of the deposition testimony during which Confidential Material is discussed. That portion of the deposition shall be deemed Confidential Material, and such portion of the deposition shall be stamped "CONFIDENTIAL INFORMATION" or words to that effect. This Protective Order does not preclude presenting the original of the transcript in its entirety to the deponent for review, correction and signing.

12. This Protective Order shall continue in full force and effect with respect to all Confidential Material, whether or not offered into evidence at trial, until another order modifies, supersedes or terminates it, and shall be enforceable as any other order of the Court. At the conclusion of this litigation (including exhaustion of

all appeals), all such Confidential Material shall be destroyed or returned to the Party who produced it and no Party, expert, consultant or any other person or entity to whom such Confidential Material was produced shall retain any copies of such Confidential Material. This paragraph does not pertain to trial exhibits, pleadings or correspondence delivered in this litigation.

13. Nothing contained herein shall prevent any Party from using or disclosing its own Confidential Material without having to comply with the terms of this Protective Order.

14. The Court shall retain jurisdiction to make such amendments, modification, deletions or additions to this Protective Order as the Court may from time to time deem necessary or appropriate.

15. This Protective Order shall remain in full force and effect until another order, if any, modifies, supersedes or terminates it, and shall be enforceable as any other order of the Court. Until such time as the Court rules on this stipulated Protective Order, the Parties agree to be bound by its terms.

Dated: 4/9/09

Honorable Suzanne H. Segal

# EXHIBIT "A"
# FORM OF CONSENT TO BE BOUND

I, _____, declare as follows:

1. I have been provided with a copy of the Stipulation and Order Re: Confidentiality of Documents and Information issued in this action, and have read and understand its terms.

2. I hereby consent to be bound by the terms of the Stipulation and Order. I further consent to the jurisdiction of the United States District Court for the Central District of California for the purposes of any proceeding to enforce the terms of the Stipulation and Order or to punish the breach thereof.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on _____, at _____.

_____